REMILLARD & HUYNH
LAURENT J. REMILLARD, JR.      4592-0
Email: lremillard@rh-lawyers.com
DON V. HUYNH      7967-0
Email: dhuynh@rh-lawyers.com
RECHELLE A.M. BARBOUR      9953-0
Email: rbarbour@rh-lawyers.com
Davies Pacific Center, Suite 2302
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: 808-536-5737

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| TITA BLANKENFELD,<br><br>               Plaintiff,<br><br>      vs.<br><br>UNITED STATES OF AMERICA; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>               Defendants.<br>_____ | Civil No. _____<br>(Other Non-Motor Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

SERVE:      General Counsel of the U.S. Army, Army Litigation Office
104 Army Pentagon
Washington, D.C. 20310-0104
***Via Certified Mail; Return Receipt Requested***

Florence T. Nakakuni, United States Attorney
U.S. Attorney for the District of Hawaii
PJKK Federal Building
300 Ala Moana Boulevard, Room 6-100
Honolulu, HI 96850
***Via Certified Mail; Return Receipt Requested***

Loretta Lynch, United States Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
***Via Certified Mail; Return Receipt Requested***

COMES NOW, Plaintiff above-named, by and through her attorneys REMILLARD & HUYNH, for her claims against Defendants above-named, and alleges and avers as follows:

## I. INTRODUCTION

1.      This is an action brought pursuant to the Federal Tort Claims act for personal injuries caused by the Department of the Army and its employees.

## II. PARTIES

2.      Plaintiff TITA BLANKENFELD ("Plaintiff") is, and at all times herein, was a resident of the City and County of Honolulu, State of Hawaii.

3.      Upon information and belief at all times pertinent herein, Defendant United States of America owned and/or leased and/or operated the Hale Koa Hotel located at 2055 Kalia Rd, Honolulu, HI 96815 ("Subject Hotel").

4.      The Defendant, the United States of America, is sued under the

Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671, et. seq., based on the negligent acts and omissions of its employees and agents acting through the Department of the Army, all as set forth in this Complaint.

## III. JURISDICTION

5.     This Court has jurisdiction over the claims set forth in this complaint pursuant to the  Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671, et. seq. (the "FTCA").  Venue is appropriate in the United States District Court for the State of Hawaii pursuant to 28 U.S.C. §1402.

6.     All procedural prerequisites to the filing of this action have been satisfied by the Plaintiff, including the exhaustion of all administrative remedies under the FTCA.  On or about October 20, 2015 the Department of the Army was served with claims for damages and injuries by the Plaintiffs.  On May 26, 2016, the Department of the Army issued its written rejection of the claims of Plaintiffs and stated that Plaintiffs have six months from the rejection letter within which to file a lawsuit in the appropriate Federal District Court.

## IV.  CLAIMS

7.     As the owner and/or lessor and/or operator of the Subject Hotel, Defendant United States of America had a duty to identify and/or remove and/or eliminate and/or otherwise warn residents and/or guests of the Subject Hotel of

conditions upon the premises that posed an unreasonable risk of harm to others, including Plaintiff.

8.      As the owner and/or lessor and/or operator of the Subject Hotel, Defendant United States of America, was required to exercise due care to provide a safe environment to all persons reasonably anticipated to be upon its walkways, even when wet and slippery.

9.      At all times mentioned herein, the agents, servants, and/or employees of Defendant United States of America were acting within the course and scope of their agency, service, and/or employment with Defendant United States of America.

10.      This action arises under the Federal Torts Claim Act, 28 U.S.C., § 2671, *et seq.*

11.      This court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1356(b), and § 2671, *et seq.*

12.      The acts and/or omissions complained of herein and which form the basis of the relief sought herein, occurred within the District of Hawaii, and venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## COUNT I - NEGLIGENCE

13.      Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14.     On or about January 18, 2014, Plaintiff attended a first birthday party at the Hale Koa Hotel.  As she was walking though the Hale Koa entryway, she, suddenly and without warning, slipped and fell to the ground ("Subject Incident").

15.     The substantial cause of the incident was the negligence of Defendant United States of America and/or the agents and/or employees of Defendant United States of America and/or the other Defendants (collectively "the Defendants").

16.     The Defendants were negligent in maintaining the Subject Hotel when they knew or should have known that prior to and in the moments leading up to the incident, that the walking surface at the Subject Hotel posed an unreasonable risk of harm to guests and/or visitors of the Subject Hotel, including Plaintiff.

17.     The Defendants were negligent in failing to warn guests and/or visitors of the dangerous condition upon the Subject Hotel, including Plaintiff, and in particular of the unreasonable risk of harm posed by the walking surface on the grounds of the Subject Hotel.

18.     The Defendants were negligent in the monitoring and/or maintenance of the walking surface on the grounds of the Subject Hotel.

19.     The Defendants were otherwise negligent.

20.     As a direct result of the negligence of the Defendants, Plaintiff sustained painful and serious bodily injuries requiring past and/or present and/or future medical treatment.

21.   By reason of the foregoing, Plaintiff has sustained general and special damages to be shown at trial.

WHEREFORE, Plaintiff demands judgment against Defendant United States of America and/or the other Defendants, jointly and severally, as follows:

1. General Damages in an amount to be shown at trial in favor of Plaintiff;

2. Special Damages in an amount to be shown at trial in favor of Plaintiff;

3. Prejudgment interest; and

4. Costs, attorneys' fees and such other and further relief as deemed proper by the Court.

DATED:  Honolulu, Hawaii, ___August 17, 2016_____.

REMILLARD & HUYNH
Attorneys for Plaintiff


By __/s/ Laurent J. Remillard, Jr.__
    LAURENT J. REMILLARD, JR.
    DON V. HUYNH
    RECHELLE A.M. BARBOUR